UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIO OROPEZA BARRERA,

               Petitioner,

      v.

KRISTI NOEM, et al.,

               Respondents

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:26-cv-01063-SSS-AYP

ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

On June 8, 2026, United States Magistrate Judge Anna Y. Park (the "Magistrate Judge") issued a Report and Recommendation granting Petitioner Mario Oropeza Barrera's ("Petitioner") petition for a writ of habeas corpus. (Dkt. No. 20 ("R&R").)

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation ("Report") of the Magistrate Judge and Respondents' Objections to the Report (Dkt No. 23).

The Report recommends the issuance of the writ requiring, among other things, the restoration of Petitioner's liberty to conditions existing at the time of his detention and the prevention of further release restrictions absent pre-deprivation notice and a constitutionally adequate pre-deprivation hearing. [Dkt 20]. Respondents' objections to the Report do not merit a different result.

Respondents object that the recommendation of a pre-deprivation hearing encroaches on territory foreclosed by 8 U.S.C. § 1252(g). [Dkt. 23 at 2-3]. Section 1252(g) provides that, notwithstanding the habeas statute of 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The objection is not persuasive because this is a habeas action, with nothing to suggest that Petitioner seeks to use the action to challenge removal. Petitioner "does not seek relief based on a challenge to the decision to 'commence proceedings,' to the 'adjudicat[ion]' of his case, or the 'execution' of any corresponding removal order." *Venega-Maltez v. Semaia, et al.*, 2026 WL 846035, at *5 (C.D. Cal. Mar. 24, 2026); *see also Yang v. Kaiser*, 2025 WL 2791778, at *3 (E.D. Cal. Aug. 20, 2025) (same, citing cases).

Respondents object that the recommended injunction fails the Supreme Court's narrow tailoring rule. [Dkt. 23 at 4]. The Supreme Court has emphasized that "an injunction must be couched in the narrowest terms that will accomplish the pin-pointed objective of the injunction." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 767 (1994). But the injunction here would serve its pin-pointed objective, which is to prevent Petitioner from being detained without pre-deprivation notice and a hearing, as he previously had been. The habeas "statute

2.

does not limit the relief that may be granted to discharge of the applicant from physical custody.  Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968).  Under its broad mandate, the Court finds it appropriate to grant a prospective remedy enjoining future re-detention absent constitutionally required process.

Respondents object that the recommended injunction violates the rule against broad "obey-the-law" decrees.  [Dkt. 23 at 4-5].  The Ninth Circuit has "not adopted a rule against 'obey the law' injunctions per se."  *U.S. Securities & Exchange Commission v. Murphy*, 50 F.4th 832, 852 n. 9 (9th Cir. 2022).  They are permissible if they "adequately describe the impermissible conduct," are "not impermissibly vague," or "provide[] a sophisticated actor[] with additional guidance for his future conduct."  *Id.*  The highly specific relief that the Report recommends here, against sophisticated Respondents, does not violate the rule.

Respondents object that Immigration Judges do not have the legal authority or jurisdiction to conduct "pre-deprivation" custody redetermination hearings.  [Dkt. 23 at 5-6].  The Court disagrees.  The power to order a hearing before an immigration judge "is the type of practice and workable remedy within the district court's broad equitable powers."  *Mau v. Chertoff*, 562 F. Supp. 2d 1107, 1104 (S.D. Cal. 2008) (citing *Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973) ("[i]n constitutional adjudication as elsewhere, equitable remedies are a special blend of what is necessary, what is fair, and what is workable.")).

Respondents object that there is a statutory and regulatory framework that already governs revocation of an order of supervision.  [Dkt. 23 at 6].  Petitioner, who had been free on an order of supervision, was detained without notice or warning when he made a requested appearance before Immigration and Customs Enforcement on January 29, 2026.  [Dkt. 20 at 3].  This prior deprivation "suggests that the procedures created by the regulatory framework have proven insufficient to meaningfully mitigate the risk of erroneous deprivation of liberty in this case."

*Yang*, 2025 WL 2791778, at *9 (citing cases). Thus, the Court agrees with the Report that it is appropriate to require pre-deprivation notice and a constitutionally adequate pre-deprivation hearing. [Dkt. 20 at 17].

Respondents object to the shortening of the time period for objections from 20 to 2 days. [Dkt. 23 at 6]. The Court agrees with the Report that a shortened objection period was appropriate here, because nothing suggests that Respondents lacked a full opportunity to develop and present their arguments within the time allowed. [Dkt. 20 at 18 (citing *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (*per curiam*) (holding that a district court has the discretion to shorten the objection period)].

The Court has conducted a de novo review of those portions of the R&R to which Objections were directed. The Court accepts the findings and recommendations of the Magistrate Judge and adopts them as its own findings and conclusions.

IT IS THEREFORE ORDERED as follows:

(1) the Report and Recommendation is accepted and adopted; and

(2) Judgment shall be entered granting the Petition.

It is further ORDERED that the Clerk serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner and on counsel for Respondents.

IT IS SO ORDERED.

DATED: June 18, 2026

_____
HONORABLE SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE

4.